IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY LIDYARD,
CHRISTOPHER CARMICKLE,

    Plaintiffs,

vs.                                          Civ. No. 18-846 KG/KK

TORRANCE COUNTY SHERIFF'S DEPARTMENT,
BRANDON WATTS, [FNU] COLLIER, CHARLES BACA,
KRQE-TV, BRITTANY BADE,

    Defendants.

## ORDER

This matter comes before the Court upon Defendant Torrance County Sheriff's Department's Motion to Dismiss in Lieu of an Answer to Plaintiffs' Second Amended Complaint (Motion to Dismiss), filed November 30, 2018. (Doc. 7). Plaintiffs filed a response on December 12, 2018, and Defendant Torrance County Sheriff's Department (Sheriff's Department) filed a reply on December 26, 2018. (Docs. 9 and 11).

Also, before the Court is Plaintiffs' Motion to Amend Complaint, filed December 12, 2018. (Doc. 8). Sheriff's Department filed a response on December 26, 2018. (Doc. 10).

Sheriff's Department seeks dismissal under Fed. R. Civ. P. 12(b)(6) on the basis that New Mexico law does not permit a county sheriff's department or office to be named as a party in a lawsuit. The proper party is the board of county commissioners. *See* NMSA 1978, § 4-46-1 (2002 Repl. Pamp.). Plaintiffs do not oppose dismissing Sheriff's Department as a party and ask that the Court grant their Motion to Amend Complaint in which they seek to file a third amended complaint that substitutes the Board of County Commissioners of Torrance County for Sheriff's Department as a Defendant. (Doc. 9) at 1. In its response to the Motion to Amend Complaint,

Sheriff's Department states that it takes no position on the Motion to Amend Complaint because an amended complaint would not include it as a party.

The Court notes that Fed. R. Civ. P. 15(a)(1)(B) allows a plaintiff to file an amended complaint, as a matter of course, 21 days after service of a Rule 12(b) motion.  Instead of filing a third amended complaint within 21 days of the service of Sheriff's Department's Rule 12(b)(6) Motion to Dismiss, Plaintiffs filed within that 21-day period their Motion to Amend Complaint, along with a proposed third amended complaint (Doc. 8-1).  Then, on January 3, 2019, past the 21-day period, Plaintiffs filed a Third Amended Complaint (Doc. 17).  However, that Third Amended Complaint (Doc. 17) differs in some respects from the proposed third amended complaint (Doc. 8-1) that was attached to the Motion to Amend Complaint.

The Court finds that under Rule 15(a)(1)(B) Plaintiff can, as a matter of course, file the proposed third amended complaint (Doc. 8-1) attached to the Motion to Amend Complaint.  Plaintiff, however, did not obtain either written consent from the opposing parties or permission from the Court as required by Rule 15(a)(2) to file the Third Amended Complaint (Doc. 17) on January 3, 2019.  The Court, therefore, will strike the Third Amended Complaint (Doc. 17).  Certainly, Plaintiff may seek consent or move to file a fourth amended complaint.

IT IS ORDERED that

1. Defendant Torrance County Sheriff's Department's Motion to Dismiss in Lieu of an Answer to Plaintiffs' Second Amended Complaint (Doc. 7) is granted;

2. Defendant Torrance County Sheriff's Department is dismissed from this lawsuit with prejudice;

3. the Motion to Amend Complaint (Doc. 8) is granted;

4. Plaintiffs may file the proposed third amended complaint (Doc. 8-1) no later than 7 days from the date this Order is entered; and

5. the Third Amended Complaint (Doc. 17) is stricken.

_____
UNITED STATES DISTRICT JUDGE